UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLDO JERONIMO PEREZ,<br><br>                              Petitioner,<br><br>v.<br><br>JAREMY CASEY, Administrator of Imperial Detention Center; GREGORY J. ARCHAMBEAULT, Field Officer Director for the San Diego Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, acting in their official capacities,<br><br>                             Respondents. | Case No.: 26-cv-0655-JES-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

      Before the Court is Petitioner Arnoldo Jeronimo Perez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on February 3, 2026. ECF No. 1 ("Pet."). The Court ordered Respondents to show cause why the Petition should not be granted no later than 5:00 p.m. on February 6, 2026. ECF No. 2. Respondents failed to do

1

so, and have still not made any appearance in this matter to date. Petitioner also declined to file an optional Traverse. The Court thus evaluates the Petition on its face, and **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a 19-year-old Guatemalan national who has been residing in the United States since 2022. Pet. ¶ 1. Upon arrival in the United States, Petitioner was designated an unaccompanied minor, transferred to the custody of the Office of Refugee Resettlement, and then released to the care of his aunt in Georgia. *Id.* ¶ 26. Petitioner has resided with his aunt in Georgia ever since. *Id.* ¶ 27. Petitioner has no criminal history, and has significant communities ties in the Atlanta area. *Id.*

On November 21, 2025, Petitioner was arrested by immigration authorities while driving to pick up his minor sister from an Office of Refugee Resettlement shelter so she could be reunited with their family in Georgia. *Id.* ¶ 28. He was placed in removal proceedings, and denied bond by an immigration judge on jurisdictional grounds. *Id.* ¶¶ 29-31.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III. DISCUSSION

In his petition, Petitioner argues that his re-detention and the manner in which it was carried out violates the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which requires a pre-deprivation hearing before re-detention. Pet. ¶¶ 58-61. Because Respondents have declined to oppose the Petition, the Court evaluates the Petition on its face and agrees that Petitioner is entitled to release on this basis.

The TVPRA governs the detention of unaccompanied minors who are apprehended at or near the U.S. border, and requires them to be "promptly placed in the least restrictive setting that is in the best interest of the child." 8 U.S.C. § 1232(c)(1). The TVPRA allows minors to be released to the custody of guardians upon determination the child is not a danger to themselves or community and does not present a flight risk. *See id.* at 1232(c)(2)(a). Aliens afforded release under the TVPRA have the same due process protections regarding re-detention as those granted parole or release as adults: at a minimum, they are entitled to notice and opportunity to be heard regarding the individualized changed circumstances justifying revocation in their case. *Saravia v. Session*, 280 F.Supp.3d 1168, 1176-77 (N.D. Cal. 2017); *see also R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255 at *3-6 (E.D. Cal. Sept. 9, 2025). As this Court has previously explained, notice and opportunity to be heard regarding the revocation of a liberty interest like parole or supervised release must be meaningful to be constitutionally sufficient, which requires that the government comport with the requirements of the statutes governing that individual's status. *See Rios v. Noem*, No. 25-CV-2866-JES-VET, 2025 WL 3141207, at *2 (S.D. Cal. Nov. 10, 2025) ("An alien's opportunity to be heard regarding a change in his status is only meaningful if the government comports with its own internal standards regarding parole revocation. DHS has the authority to revoke an alien's supervised release 'at any time' on a discretionary, but not unlimited, basis."); *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629 at *3 (S.D. Cal. Sept. 26, 2025).

The TVPRA statute requires that the Secretary of Homeland Security consider the "least restrictive placement" available for those who turn 18 and are transferred to its custody, and consider alternatives to detention. 8 U.S.C. § 1232(c)(2)(b). The statute is silent, however, on the revocation of any release already granted under the TVPRA once an individual of such release turns 18. *See id.* Petitioner asserts, and Respondents do not contest, that the rules governing TVPRA release continue to control the revocation of that release after the individual turns 18. Pet. ¶ 40. At least one court in this Circuit has held the same. *R.D.T.M*, 2025 W.L. 2617255 at *4-5. This approach to TVPRA release comports with the due process and regulatory principles the Court has applied in other cases involving previously released aliens: when the government grants someone a liberty interest, it must continue to act under the principles governing that interest and may not arbitrarily re-detain without justification. *See Bui v. Warden of the Otay Mesa Det. Facility*, No. 25-CV-2111-JES-DEB, 2025 WL 2988356 (S.D. Cal. Oct. 23, 2025); *Nguyen v. Noem,* No. 25-CV-3062-JES-VET, 2025 WL 3251374, at *3 (S.D. Cal. Nov. 21, 2025); *Sanchez*, 2025 WL 2770629, at *3; *Saengphet v. Noem*, No. 3:25-CV-2909-JES-BLM, 2025 WL 3240808, at *5 (S.D. Cal. Nov. 20, 2025).

Here, Petitioner was granted release under the TVPRA, creating a liberty interest protected by the Due Process clause and a requirement that the government adhere to its own regulations regarding his re-detention. *See* Pet. ¶ 60. Petitioner alleges that he was not provided with an opportunity to be heard regarding the revocation of his release, and that the government failed to adhere to the TVPRA's requirement regarding "least restrictive setting" and alternatives to detention when re-detaining him. *Id.* ¶ 61. The Form I-213 reflects this, stating only that Petitioner was detained at a vehicle stop without proper legal documents to be in the United States. ECF No. 1-2 at 5. No documentation before this Court indicates that Petitioner was informed of any individualized changed circumstances justifying revocation of his release, or that he was given meaningful opportunity to be heard regarding that revocation. Further, the Petition states, and Respondents do not contest, that there are no changed circumstances or other factor in this case justifying re-detention,

meaning that any notice and opportunity to be heard that did occur could not have been meaningful. Pet. ¶ 60; *see Rios,* 2025 WL 3141207 at *2 (S.D. Cal. Nov. 10, 2025). Accordingly, the Court finds that Respondents violated the TVPRA, and the due process rights due to Petitioner under his TVPRA release, when they re-detained him on November 21, 2025.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on TVPRA grounds and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to <u>immediately</u> release Petitioner from custody, subject to any conditions of his preexisting release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by <u>**February 11, 2026**</u>, confirming that Petitioner has been released. The Court **DENIES AS MOOT** the remainder of Petitioner's claims. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: February 10, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge